1   BARRY VAN SICKLE - BAR NO. 98645
2   1079 Sunrise Avenue
    Suite B-315
3   Roseville, CA  95661
    Telephone: (916) 549-8784
4   E-Mail:  bvansickle@surewest.net
5
6   Attorney for Plaintiff
    CLAIRE HEADLEY
7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12   **CLAIRE HEADLEY**,                    **CV 09-03987 DSF (MANx)**

13
              Plaintiff,           **PLAINTIFF'S OPPOSITION TO**
14                                 **MOTIONS OF DEFENDANTS CSI**
         vs.                       **AND RTC FOR DISMISSAL**
15   **CHURCH OF SCIENTOLOGY**         **UNDER RULE 12 (b)(6) OR FOR**
     **INTERNATIONAL, a corporate**    **MORE DEFINITE STATEMENT**
16   **entity, RELIGIOUS**             **AND MOTION TO STRIKE**
     **TECHNOLOGY CENTER, a**
17   **corporate entity AND DOES 1 - 20**
18                                 **DATE:    July 27, 2009**
              Defendants.         **TIME:    10:00 am**
19                                 **PLACE:   Roybal Federal Building,**
                                   **         Courtroom 840**
20

21

22                                 **ASSIGNED TO THE HONORABLE**
                                   **JUDGE DALE S. FISCHER**
23

24

25

26

27

28

     **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

I.    THE STANDARD FOR RULE 12 (b)(6) MOTIONS MANDATES DENIAL OF MOTIONS.................................1

II.   OVERVIEW .................................................................2

III.  PLAINTIFF ALLEGES A CASE OF FORCED LABOR....................4

IV.  PLAINTIFF ALLEGES A CLAIM OF LABOR LAW VIOLATIONS AND ILLEGAL BUSINESS PRACTICES..................5

V.   THE DISCOVERY RULE APPLIES TO PLAITNIFFS B&P §17200 CLAIM UNDER CURRENT CONTROLLING LAW...........6

VI.  THE CURRENT 10 YEAR STATUTE OF LIMITATION APPLIES TO THE FEDERAL HUMAN TRAFFICKING CLAIM, BUT THE OLD 4 YEAR STATUTE WAS SATISFIED.......7

VII. PLAINTIFF WAS AN EMPLOYEE ENTITLED TO LEGAL COMPENSATION .......................................................9

VIII. PLAINTIFF WAS AN EMPLOYEE AS A MATTER OF ECONOMIC REALITY................................................10

IX.  THE PROTECTION OF THE LABOR LAWS IS NOT WAIVABLE.................................................................13

X.   LABOR LAWS CANNOT BE IGNORED IN THE NAME OF RELIGION .................................................................14

XI.  PLAINTIFF'S REQUEST TO ENJOIN COERCED ABORTIONS IS AUTHORIZED BY CALIFORNIA LAW ..............16

XII. THE COMPLAINT STATE CAUSES OF ACTION AGAINST RTC AND CSI.............................................................16

XIII. MOTION FOR MORE DEFINITE STATEMENT IS POINTLESS .................................................................17

i

XIV. **THE FORCED LABOR/HUMAN TRAFFICKING CLAIM IS BEYOND PLAUSIBLE – THAT IS HOW SCIENTOLOGY OPERATES** ..............................................................17

XV. **MOTION TO STRIKE SHOULD BE DENIED** ..................18

XVI. **CONCLUSION** .......................................................19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**CASES**

*Barrentine v. Arkansas-Best Freight System, Inc.,*
    450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) .........................13, 15

*Bartels v. Birmingham*,
    332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947) .............................11, 12

*Bonnette v. California Health and Welfare Agency,*
    704 F.2d 1465, 1469 (9th Cir. 1982) ............................................................10

*Broberg v. The Guardian Life Ins. Co. of America,*
    *171 Cal. App.4th 912 (2009)* .................................................................6, 10

*Bureerong v. Uvawas,*
    922 F.Supp. 1450, 1463 (C.D. Cal. 1996) ........................................ 1, 13, 17

*Conley v. Gibson*,
    355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).................................2

*Cortez v. Purolator Air Filtration Products Co.,*
    23 Cal.4th 163, 173-5 (2000)......................................................................10

*Cruz v. J Beto*,
    405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) ...................................2

*Douglas Aircraft Co. v. Cranston,*
    58 Cal.2d 462, 465, 24 Cal.Rptr. 851, 374 P.2d 819 (1962) ....................3, 8

*Dunlop v. Carriage Carpet Co*.,
    548 F.2d 139, 144 (6th Cir. 1977) ................................................................11

*Elvig v. Calvin Presbyterian Church,*
    397 F.3d 790, 792 (9th Cir. 2005) ..........................................................14, 15

*Goldberg v. Whitaker House Cooperative*,
    366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961) (FLSA) ...............9, 12

*Hale v. State of Arizona,*
    967 F.2d 1356, 1360 (9th Circuit 1992)...................................................10, 12

iii

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

*Hishon v. King & Spalding,*
    467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2d 59 (1984)...............................2

*Maldonado v. Harris,*
    370 F3d 945 (9th Cir. 2004)..........................................................................8

*Mednick v. Albert Enterprises,*
    508 F.2d 297, 299 (5th Cir. 1975)..............................................................12

*Mitchell v. Pilgrim Holiness Church Corp.,*
    210 F2d 879 (1954)......................................................................................15

*Mudd v. McColgan,*
    30 Cal.2d 463, 468, 183 P.2d 10 (1947).......................................................8

*Pashley v. Pacific Electric Railway Co.,*
    25 Cal.2d 226 (1944)....................................................................................4

*Real v. Driscoll Strawberry Associates Inc.,*
    603 F2d 748, 754 (9th Cir. 1979)...............................................................11

*Retail Clerks International Association Local 1625 v. Schermerhorn,*
    373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963).....................2

*Scheuer v. Rhodes,*
    416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)..............................2

*Thompson v. City of Shasta Lake,*
    314 F.Supp 2d 1017 (E.D. Cal. 2004).........................................................8

*Tony and Susan Alamo Foundation v. Secretary of Labor,*
    471 U.S. 290, 297, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985)............. 9, 14, 15

*United States v. Silk,*
    331 U.S. 704, 712, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947)...........................11

*Vernon v. Heckler,*
    811 F.2d 1274, 1278 (9th Cir. 1987)..............................................................1

*W.J. Usery v. Pilgrim Equipment Co.,*
    527 F.2d 1308, 1311 & 1315 (5th Cir. 1976).........................................10, 11

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1

**STATUTES**

2

18 USC §1595(c) ................................................................. 3, 4

3

California Labor Code ........................................................ 13

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     THE STANDARD FOR RULE 12 (b)(6) MOTIONS MANDATES DENIAL OF MOTIONS

As a practical matter, one cannot read the Complaint, accept the factual allegations as true and reach any reasonable conclusion except that Plaintiff has a case of some variety.  There is nothing mysterious or "implausible" about the claims.  Plaintiff was a former employee who was not paid minimum wage or overtime.  Plaintiff also alleges that she was coerced into having two abortions to keep her job and was coerced into providing cheap labor in violation of the human trafficking laws.  These claims are adequately alleged, however, Plaintiff has additional supporting facts to allege if the court deems it necessary.

Defendants basically argue that, based upon their interpretation of the facts and law, Plaintiff appears to have filed just in time to beat the statute of limitations.  Based upon that dubious assumption, Defendants proceed to argue for a dismissal, with no leave to amend, because the case is trivial.  According to Defendants, Plaintiff may have beaten their version of a four year statute of limitation, but only by a few days, so the case should be dismissed as a nuisance.  A new affirmative defense is born – the "you barely beat the statute of limitation" defense.  Of course, this argument has major flaws and is not a proper grounds to dismiss for failure to state a claim.  See, *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987).

Further, a Rule 12(b)(6) motion is not the appropriate motion to attack remedies.  If the face of the Complaint pleads a claim for which some relief can be granted, a Rule 12(b)(6) motion should be denied.  *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1462-3 (C.D. Cal. 1996).

In *Thompson v. City of Shasta Lake*, 314 F.Supp 2d 1017, 1021-2 (E.D. Cal. 2004), the court addressed the standard for dismissal under Fed. Rules of Civil Procedure 12(b)(6) in the following terms:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

"On a motion to dismiss, the allegations of the complaint must be accepted as true.  See *Cruz v. J Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).  The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  See *Retail Clerks International Association Local 1625 v. Schermerhorn*, 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged… In general, the complaint is construed favorably to the pleader.  See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).  So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.  See *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))."

## II.  OVERVIEW

Plaintiff pleads a case of illegal pay, coerced abortions and forced labor.  Defendants Church of Scientology International ("CSI") and Religious Technology Center ("RTC") respond by ignoring the elements of those legal claims and arguing the affirmative defense of time bar.  It is not clear what Defendants claim to be missing from the elements of a prima facie case.  Further, this case was filed in January 2009, four years after Plaintiff departed, which would satisfy the four year rule even under Defendants' faulty legal analysis.  As

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

shown below, Defendants' statute of limitation arguments are seriously flawed and contrary to current case law.

The basic rule is that the statute of limitation period is extended by a change in law that occurs prior to a claim being barred by the old statute. *Douglas Aircraft Co. v. Cranston*, 58 Cal.2d 462, 463, 24 Cal.Rptr. 851, 374 P.2d 819 (1962). Even the cases cited by Defendants for the opposite and erroneous conclusion, including *Douglas*, recognize that basic rule. Further, the unfair business claim has a four year statute with case law supplying a discovery rule. *Broberg v. The Guardian Life Ins. Co. of America*, 171 Cal.App.4th 912 (2009). Plaintiff has ten years to bring a forced labor claim (18 USC §1595(c)) and four years from discovery for the B&P claim in her First Cause of Action. Plaintiff is well within those time periods and the Complaint does not plead otherwise.

This is one of two related cases before this court. In the other case, Case No. CV 09-03986, Claire Headley's husband, Marc Headley, has filed a motion for summary adjudication of the "employment" issue. A similar motion is contemplated in this case.

The "employment" issue is a "duty" issue with respect to the claim for minimum wage and overtime. The employment and duty issues are briefed below. Defendants do not even pretend to comply with labor laws. Therefore, Defendants must claim that the labor laws do not apply and/or a limitations defense excuses their illegal conduct. That is their only hope, and it will not work.

Although the four year and ten year statutes have been met, Plaintiff pleads wrongful concealment and estoppel in the running of the statue of limitation as precautionary measures. (Paragraphs 22, 23, 33, 36 & 37) In particular, Plaintiff alleges that Defendants deceived Plaintiff and concealed information on the rights of an employee, such as Plaintiff, to receive minimum wage and other rights under state and federal labor laws. For example, Defendants' wrongful and

3

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

intentional refusal to post Wage Orders as required by law creates a question of fact on limitations. The failure of Defendants to disclose to employees what Defendants had a legal duty to disclose presents, at minimum, a question of fact on improper concealment that would toll any statute of limitation, estopp Plaintiff from hiding behind it, or delay accrual until discovery of the claim. *Pashley v. Pacific Electric Railway Co.*, 25 Cal.2d 226 (1944). See also, Witkin Procedure, "Actions" §§762 – 772.

Before filing the numerous motions now on file, Defendants made an unconditional demand for a complete surrender. The only condition given to avoid the threat of their motions was a complete dismissal of the case. Defense counsel stated that they would not stipulate to any further amendment of the Complaint, including efforts to convert some or all of the case into a class action. That was the "meet and confer" with respect to all the motions, including the motion to strike.

## III.   PLAINTIFF ALLEGES A CASE OF FORCED LABOR

18 USC Section 1589, Forced Labor, states as follows:

> "Whoever knowingly provides or obtains the labor or services of a person (1) by threats of serious harm to, or physical restraint against, that person or another person; (2) by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or (3) by means of the abuse or threatened abuse of law or the legal process…"

The Complaint adequately alleges a claim under this statute against both Defendants. If the court wants more facts in an amended complaint, that can be done. Among other things, the Complaint alleges that:

1)      Defendant RTC controls Defendant CSI. (#5)

4

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

2)      Defendants convinced Plaintiff that she would owe them money if she left.  (#33, line 18 – 23 and 40 (b))

3)      Plaintiff was intimidated by threats of harm and confinement while working for Defendants.  (#34)

4)      Plaintiff was watched and guarded to prevent her escape.  (#35)

5)      Plaintiff was under the control of Defendants CSI and RTC.  In fact RTC puts the fear of the "RPF" program (punishment and hard labor with little sleep or food) into the employees at Gold Base, such as Plaintiff.  (#41)

6)      Defendants deprived Plaintiff of liberty and freedom to obtain coerced labor.  (#57)

7)      Gold Base resembles a prison camp.  Security measures exist to confine and restrain workers' freedom.  (#59, 60)

8)      Defendants use punishment to control workers and coerce labor including a process known as the RPF.  (#61, 62)

9)      The "indicators" of human trafficking as recognized by California law are present in the workforce at Plaintiff's place of employment and were present in Plaintiff when she worked there.  (#70)

## IV.   PLAINTIFF ALLEGES A CLAIM OF LABOR LAW VIOLATIONS AND ILLEGAL BUSINESS PRACTICES

Employees are entitled to minimum wage and overtime pay.  Not paying employees legal wages is an illegal and unfair business practice.  The facts supporting this claim involve "employment", "duty" and "breach".  Much of the Complaint addresses the issues of "duty", including citations to case law that makes the case for the duties alleged.  (Defendants object to Plaintiff pleading duty and wrongfully move to strike allegations that tend to support the existence of a legal duty.  The motion to strike should be denied.)  The Complaint was drafted in anticipation of the demurrer process in state court, and Defendants'

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1  propensity to denying any duty to comply with labor laws on numerous spurious
2  grounds.  Admittedly, the Complaint was in part a pre-emptive strike in the
3  expected demurrer process; however, that is not grounds for dismissal.

4        Turning to the factual allegations of the operative Complaint, employment
5  is addressed in paragraph numbers 1, 6, 13, 14, 15, 19, 20, 25, 27, 35 and others.
6  Defendants' duty to pay is addressed in paragraph numbers 2, 6, 10, 11, 12, 16,
7  17, 18, 36, 37, 38 and others.  Defendants' failure to pay is addressed in
8  paragraph numbers 1, 6, 19, 21, 39, 44 and others.

9        If these allegations of fact and duty are taken as true for purposes of a Rule
10  12 motion to dismiss, Plaintiff was an employee, Defendants had a duty to pay
11  and Defendants breached the duty to pay legal compensation.  Therefore,
12  Defendants owe Plaintiff restitution for years of unpaid wages.  Hence, a claim
13  for illegal failure to pay minimum wage and overtime is well alleged.

14  **V.    THE DISCOVERY RULE APPLIES TO PLAITNIFFS B&P §17200**
15  **CLAIM UNDER CURRENT CONTROLLING LAW**

16        In *Broberg v. The Guardian Life Ins. Co. of America*, 171 Cal.App.4th 912
17  (2009) the Second District Court of Appeals, the Appellate Court having
18  jurisdiction of state cases filed in Los Angeles Superior court as was this case,
19  held that the discovery rule applied to the four year statute of limitation applicable
20  to B&P §17200 claims.  If the case had not been removed, the *Broberg* case
21  would control in state court.  Removal should not change the result in this case.

22        The *Broberg* court recognized the split of old authority, some of which is
23  cited in Defendants' motion; however the court concluded:

24              "…we believe the better view is that the time to file a section
25              17200 cause of action starts to run only when a reasonable
26              person would have discovered the factual basis for a claim."
27              Id at 920-1.

28

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1    The court continued to observe that the delayed discovery rule is generally
2    a question of fact.  Id at 921.  The Broberg decision is the current leading state
3    authority on what is a question of state law.  (The California Supreme Court
4    denied petitions to decertify or review the case, which is a matter of public record
5    on the court's website.)

6    Defendants' statute of limitation argument is wrong on multiple levels.
7    Among other flaws, the date Plaintiff escaped is not determinative of the B&P
8    §17200 claim.  Further, this purported "defect in the claim is not on the face of
9    the Complaint as would be required to support a motion to dismiss.  In fact,
10   Plaintiff filed on or before the four years anniversary of leaving Scientology, but
11   the date of departure is not controlling or dispositive.

12   **VI.   THE CURRENT 10 YEAR STATUTE OF LIMITATION APPLIES**
13   **TO THE FEDERAL HUMAN TRAFFICKING CLAIM, BUT THE OLD 4**
14   **YEAR STATUTE WAS SATISFIED**

15   With respect to the federal "forced labor" claim, Defendants'
16   Memorandum describes the transition from a four year statute of limitation to a
17   ten year period in December 2008.  According to Plaintiff's operative Complaint,
18   which is accepted as true for this motion, Plaintiff was still working for and under
19   the control of Defendants CSI and RTC in December 2004.  This was before the
20   change to a ten year statute of limitation.  According to the face of the Complaint,
21   Plaintiff was working for CSI and RTC in 2005.  Accordingly, in December
22   2008, Plaintiff's human trafficking claim was not barred by the four year statute
23   of limitation when the four year statute was extended to ten years.  Therefore, the
24   ten year extension applies to Plaintiff's case.

25   Defendants cited three cases for the proposition that the ten year statute
26   does not apply to Plaintiff's human trafficking claim.  Defendants are wrong.  The
27   leading "authority" Defendants'' cited for their erroneous statement of law is

28

7

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1   *Thompson v. City of Shasta Lake*, 314 F.Supp 3d 1017 (E.D. Cal. 2004). What

2   the *Thompson* case actually says is as follows:

> 3    "…[A] new statute which enlarges a statutory limitations
>
> 4    period applies to matters that are not already barred by the
>
> 5    original period at the time the new statute goes into effect.
>
> 6    *Mudd v. McColgan* , 30 Cal.2d 463, 468, 183 P.2d 10 (1947);
>
> 7    *Douglas Aircraft Co. v. Cranston*, 58 Cal.2d 462, 465, 24
>
> 8    Cal.Rptr. 851, 374 P.2d 819 (1962)." *Id* at 1024. (The
>
> 9    *Douglas* case was one of three cases cited by Defendants for
>
> 10    the opposite and wrongful premise.)

11    The other case cited for the erroneous premise that statutes of limitation

12   cannot extend the limitation period is *Maldonado v. Harris,* 370 F3d 945 (9th Cir.

13   2004). In *Maldonado*, the court was dealing with the change in California law

14   from a one year to a two year period for personal injury action. Citing the

15   *Douglas* case also cited by the court in *Thompson* in the above quote, the court

16   simply noted that the two year extension did not revive claims that had been

17   barred under the old one year rule. *Maldonado* Id. None of the cited cases

18   support or hold that Plaintiff is stuck with the statue of limitation that was the law

19   on the date of her departure form Scientology. Defendants are 180 degrees off

20   target on this point.

21    The *Maldonado* court also noted that California courts employ the

22   "primary rights" theory to determine what constitutes a cause of action. Under

23   California law and the primary rights doctrine, the violation of a primary right

24   gives rise to a single cause of action. *Maldonado v. Harris,* 370 F3d 945 (9th Cir.

25   2004). This should not be an issue in a Rule 12 motion to dismiss; however,

26   Defendants have attempted to make it an issue. Defendants suggest in their

27   argument that if Plaintiff would satisfy the statute of limitation by filing on the

28   last day, Plaintiff would only be entitled to damages for that last one day of

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

human trafficking or illegal business practice.  That would be an absurd result and contrary to various legal principles including the primary rights doctrine under which Plaintiff would have a single cause of action for human trafficking or unfair business practice.

Plaintiff submits that if she met the statute of limitation on a cause of action that ends the inquiry, especially for a Rule 12 motion to dismiss.  If she met the statute of limitations, according to her Complaint, Plaintiff has done all she needs to do to state a claim for the purposes of a Rule 12 motion to dismiss.

## VII.   PLAINTIFF WAS AN EMPLOYEE ENTITLED TO LEGAL COMPENSATION

Plaintiff Headley was employed by Defendants CSI and RTC for approximately fifteen years (1989 – 2005).  This was a full-time job and Plaintiff's only source of income and support.  The mode, manner and pay regarding Plaintiff's work were controlled by Defendants.  As addressed below, these factors make Plaintiff Headley an "employee" of Defendants.

Defendants have has no valid excuse for failure to pay its employees, including Plaintiff, minimum wage or overtime rates.  There is no legal justification for refusing to pay employees minimum wage and overtime pay. Defendants make essentially statute of limitation defenses, however the statute of limitation is an affirmative defense and they have it wrong.

The U.S. Supreme Court has held that the labor laws apply to employees of purported non-profit entities and that the test of employment is "economic reality".  *Tony and Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, 301, 105 S.Ct. 1953, 85 L.Ed.2d 278, 289 (1985) (Citing *Goldberg v. Whitaker House Cooperative*, 366 U.S. 28 at 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961).

The factors that may be considered in evaluating "economic reality" include control of work by employer and economic dependence by the employee. The economic reality standard is well satisfied by the underlying facts concerning

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1   Plaintiff's day-to-day work for Defendants.  Plaintiff Headley was employed by
2   Defendants as her sole occupation and source of income.  Working for
3   Defendants was how Plaintiff earned her food, shelter and cash income.  Under
4   the alleged facts of Plaintiff's working conditions and dependence on her job with
5   Defendants for her livelihood.  Plaintniff has alleged facts showing "employment".
6   *Hale v. State of Arizona,* 967 F.2d 1356, 1360 (9th Circuit 1992) and *Bonnette v.*
7   *California Health and Welfare Agency,* 704 F.2d 1465, 1469 (9th Cir. 1982).
8   Plaintiff was an employee as a matter of "economic reality", and employees have
9   entitlement to minimum wage and overtime pay.

10      Plaintiff seeks restitution and recovery of unpaid wages under state and
11  federal labor laws.  The First Cause of Action seeks restitution of unpaid wages as
12  an illegal and unfair business practice pursuant to California Business and
13  Professions Code (B&P) §§17200 et. seq.  Seeking additional compensation due
14  under the labor laws as an unfair business practice in violation of California state
15  law, B&P §17200, et. seq. has been expressly approved by the California
16  Supreme Court.  *Cortez v. Purolator Air Filtration Products Co.,* 23 Cal.4th 163,
17  173-5 (2000).  As recognized in *Cortez,* the failure to pay an employee minimum
18  wage and overtime is a violation of labor laws <u>and</u> an illegal business practice
19  under B&P §17200.[1]

20  **VIII.  PLAINTIFF WAS AN EMPLOYEE AS A MATTER OF ECONOMIC**
21  **REALITY**

22      The test of employment status is the "economic reality" test.  In *W.J.*
23  *Usery v. Pilgrim Equipment Co.,* 527 F.2d 1308, 1311 & 1315 (5th Cir. 1976) the
24  court explained its rulings in terms pertinent to this case.  The court stated:

25

26  _____

27

28  [1] The B&P Code §17200 claim has the advantage of a 4-year statute of limitation and case law holding that the
    limitations period is subject to the accrual upon discovery rule. *Cortez,* Supra, 23 Cal 4th 163,179 and *Broberg v.*
    *The Guardian Life Ins. Co. of America,* 171 Cal. App.4th 912 (2009)

1   "…the lesson taught by the Supreme Court's 1947 trilogy is

2   that any formalistic or simplistic approach to who receives the

3   protection of this type legislation must be rejected. In *Bartels*

4   *v. Birmingham*, 332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947

5   (1947), the Court held that in the application of social

6   legislation <u>employees are those who as a matter of economic</u>

7   <u>reality are dependent upon the business to which they render</u>

8   <u>service.</u>" *Usery,* 527 F.2d 1311

9   The *Usery* court further stated:

10   "<u>Neither contractual recitations nor subjective intent can</u>

11   <u>mandate the outcome in these cases</u>. Broader economic

12   realities are determinative." *Usery,* 527 F.2d 1308, 1315.

13   (emphasis supplied)

14   The Ninth Circuit used the "economic reality" test described in the *Usery*

15   case with apparent approval in *Real v. Driscoll Strawberry Associates Inc.,* 603

16   F2d 748, 754 (9th Cir. 1979).  The court stated:

17   "Courts have adopted an expansive interpretation of the

18   definitions of "employer" and "employee" under the FLSA, in

19   order to effectuate the broad remedial purposes of the Act.

20   See, e. g., *Dunlop v. Carriage Carpet Co*., 548 F.2d 139, 144

21   (6th Cir. 1977); *Usery v. Pilgrim Equipment Co*., 527 F.2d

22   1308, 1311 n.6 (5th Cir.), Cert. denied, 429 U.S. 826, 97 S.Ct.

23   82, 50 L.Ed.2d 89 (1976). Cf. *United States v. Silk*, 331 U.S.

24   704, 712, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947) (Social

25   Security Act). The common law concepts of "employee" and

26   "independent contractor" are not conclusive determinants of

27   the FLSA's coverage. See *W.J. Usery v. Pilgrim Equipment*

28   *Co*., supra, 527 F.2d at 1311 n.6; *Mednick v. Albert*

---

11

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1    *Enterprises*, 508 F.2d 297, 299 (5th Cir. 1975). Rather, in the

2    application of social legislation employees are those who As a

3    matter of economic reality are dependent upon the business to

4    which they render service. (*Bartels v. Birmingham*, 332 U.S.

5    126, 130, 67 S.Ct. 1547, 1550, 91 L.Ed. 1947 (1947) (Social

6    Security Act) (emphasis added).)  See *Goldberg v. Whitaker*

7    *House Cooperative*, 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d

8    100 (1961) (FLSA)."

9         The Ninth Circuit has also given guidance on application of the "economic

10   reality" test.  In *Hale v. State of Arizona,* 967 F.2d 1356, 1360, 1362-3 (9th Circuit

11   1992), the court listed the following four guidelines that might be considered in

12   applying the "economic reality" test:

13        "This circuit, in deciding if an employer/employee

14        relationship exists, has applied an "economic reality" test

15        which looks to four factors: whether the alleged employer (1)

16        had the power to hire and fire employees, (2) supervised and

17        controlled employee work schedules or conditions of

18        employment, (3) determined the rate and method of payment,

19        and (4) maintained employment records."  *Hale v. State of*

20        *Arizona,* (967 F.2d 1356, 1364 (9th Circuit 1992).

21       The "economic reality" test has also been described in terms of "economic

22   dependency".  As stated by a Central District Court:

23        "The touchstone of 'economic reality' in analyzing a possible

24        employee/employer relationship for purposes of the FLSA is

25        dependency of the employee upon the alleged employer"

26        (emphasis supplied/citation omitted) "Citing *Bartels v.*

27        *Birmingham*, 332 U.S. 126, 130, 67 S.Ct. 1547, 1549-50

28        (1947), 91 L.Ed 1947 (1947) The question is whether as a

12

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1 | <u>matter of economic reality, the individuals are dependant upon</u>
2 | <u>the business to which they render service</u>" *Bureerong v.*
3 | *Uvawas,* 922 F.Supp. 1450 (C.D. Cal. 1996) (Emphasis
4 | supplied)
5 Plaintiff Headley worked for Defendants to earn her livelihood.  As a matter of
6 "economic reality", Plaintiff was an employee as alleged in the Complaint.

## IX.  THE PROTECTION OF THE LABOR LAWS IS NOT WAIVABLE

The right to minimum wage and overtime cannot be given away by the employee or taken away by the employer.  As often recognized by the courts, the Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. ("FLSA"), was enacted to protect workers such as Plaintiff Headley from the evils of "overwork" and "underpay".  See e.g., *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981).

Accordingly, the U.S. Supreme Court has expressly found that FSLA rights, e.g. minimum wage and overtime, cannot be abridged by contract or otherwise waived.

> "This Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived…" *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981).

Similarly, the rights to minimum wage and overtime under the California Labor Code cannot be lost, waived, disclaimed or contracted away.  Calif. Labor Code §1194.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**X.    LABOR LAWS CANNOT BE IGNORED IN THE NAME OF RELIGION**

Defendants have a substantial work force but apparently claim to have <u>zero</u> employees.  Defendants' workers are compensated and supported by Scientology entities in return for their labor.  These workers are "employees", just as Plaintiff Headley was an employee when she worked for Defendants.  Putting the "religious" label on a worker changes nothing under the labor laws.  *Tony and Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, 297, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985).  As simply put by the Ninth Circuit Court, "[T]he First Amendment does not exempt religious institutions from laws that regulate the minimum wage or the use of child labor…"  *Elvig v. Calvin Presbyterian Church,* 397 F.3d 790, 792 (9th Cir. 2005).  (Plaintiff Headley also worked illegally as a minor, but that is not a subject of this motion.)

In *Alamo*, supra, the court was presented with workers of a nonprofit religious organization who received no cash wages but were paid with food, clothing, shelter and other benefits.  The workers in *Alamo* claimed to be "volunteers" not employees.  The workers ostensibly <u>opposed</u> being considered employees entitled to minimum wage and overtime.  The court found the workers' protests insignificant.  The *Alamo* court also found that the alleged nonprofit religious organization was an "enterprise" and the workers were "employees" within the meaning and coverage of the minimum wage and overtime laws.  *Alamo,* 471 U.S. 295, 306.

In *Alamo*, the court explained it holding and rationale with several comments applicable to this case against Defendants CSI, a purported non-profit religious entity.  The Court stated:

> "The Act contains no express or implied exception for commercial activities conducted by religious or other nonprofit organizations…" *Alamo*, 471 U.S. 296.

14

"If an exception to the Act were carved out for employees
willing to testify that they performed work "voluntarily,"
employers might be able to use superior bargaining power to
coerce employees to make such assertions, or to waive their
protections under the Act." *Alamo*, 471 U.S. 302 (citing
*Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S.
728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981).

"The associates who had testified at trial had vigorously
protested the payment of wages, asserting that they considered
themselves volunteers who were working only for religious
and evangelical reasons. Nevertheless, the District Court
found that the associates were "entirely dependent upon the
Foundation for long periods." Although they did not expect
compensation in the form of ordinary wages, the District
Court found, they did expect the Foundation to provide them
"food, shelter, clothing, transportation and medical benefits.
These benefits were simply wages in another form, and under
the "economic reality" test of employment, (citation omitted),
the associates were employees." *Alamo*, 471 U.S. 306.

The U.S. Supreme Court has found that minimum wage law, FSLA, is
applicable to workers of non-profit or religious organizations. *Tony and Susan
Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, 105 S.Ct. 1953, 85
L.Ed.2d 278 (1985). In accord, *Mitchell v. Pilgrim Holiness Church Corp.,* 210
F2d 879 (1954). Further, as noted above, "The First Amendment does not
exempt religious institutions from laws that regulate the minimum wage or the
use of child labor…" *Elvig v. Calvin Presbyterian Church,* 397 F.3d 790, 792
(9th Cir. 2005).

---

15

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## XI.   PLAINTIFF'S REQUEST TO ENJOIN COERCED ABORTIONS IS AUTHORIZED BY CALIFORNIA LAW

Plaintiff is not making a civil rights claim for herself.  Therefore, the numerous civil rights cases cited in Defendants' motion are not applicable to this claim.

Plaintiff is seeking only injunctive relief under B&P §17200 et. seq. Plaintiff properly alleges standing under B&P §17203.  Plaintiff has suffered injury in fact.  She had unwanted abortions at her expense.  That is all the standing statute requires on its face.  Plaintiff only seeks to have the court enjoin violations of law in the form of coerced abortions, which are alleged to be an illegal business practice under state law.

Defendants cannot plausibly suggest that coercing abortions is acceptable behavior.  Plaintiff seeks to stop that practice.  If necessary, Plaintiff will seek leave of court to allege a class action for declaratory relief to reach the ongoing practice of coercing female workers to have abortions because babies and children interfere with parent's work for Defendants.

## XII.   THE COMPLAINT STATE CAUSES OF ACTION AGAINST RTC AND CSI

The Complaint states a compelling case of worker abuse against both CSI and RTC.  This worker abuse includes 100 hour seven day work weeks, third world wages, threats of debt collections if a worker quits, sleep deprivations, confinement, physical restraint, poor nutrition and the threat of the "RPF" (a truly outrageous slave labor operation on which the Complaint could elaborate much further to Scientology's embarrassment).  The employee abuse is controlled by David Miscavige of RTC with CSI's participation.  Both RTC and CSI are liable for these torts and statutory violations.  (Complaint #5, 33, 34, 35, 41, 57, 60 & 61)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1      According to the factual allegations of the Complaint referenced in the

2   preceding paragraph, RTC would be jointly liable for the alleged wrongful

3   conduct.  Further, for purposes of the labor laws, RTC would be liable for wages

4   not only when Plaintiff directly reported to RTC but when RTC was also in

5   control of her wages and working conditions.  See e.g., *Bureerong v. Uvawas,*

6   922 F.Supp. 1450, 1469-71 (C.D. Cal. 1996).

7      RTC's purported statute of limitation arguments fail for the same reasons

8   that CSI's claims fail as demonstrated above.  If taken as true, the Complaint

9   states claims against RTC.  RTC participated in the control of Plaintiff's hours,

10  pay working conditions and the coercion involved in the forced labor as alleged in

11  the Complaint.  Also, RTC benefitted from the low wages, coerced abortions and

12  forced labor.  It cannot escape with a Rule 12 motion.

13  **XIII.  MOTION FOR MORE DEFINITE STATEMENT IS POINTLESS**

14     As addressed above, RTC controls CSI.  Together they perpetrate the

15  wrongs alleged in the Complaint.  No further detail is required at the pleading

16  stage.  (See Complaint #41 in particular.)

17  **XIV.  THE FORCED LABOR/HUMAN TRAFFICKING CLAIM IS**

18  **BEYOND PLAUSIBLE – THAT IS HOW SCIENTOLOGY OPERATES**

19     Defendants move to strike portions of the Complaint that they find

20  embarrassing or problematic.  Scientology should be embarrassed by the truth

21  about it, but that is no reason to neuter a Complaint.  Defendants claim to be a

22  peaceful, harmless "church".  The truth is much different.

23     Defendants apparently claim that the forced labor claims should be

24  dismissed as not "plausible".  There are hundreds of former staff members who

25  know how "plausible" that is, however it should also be noted in the context of

26  the motion to strike that the detail and facts to which Defendants object help to

27  show relevant facts such as plausibility, fraudulent concealment and incredible

28

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1  indifference to the health and well-being of its workers.  Working for Defendants

2  is a bizarre and demeaning experience.

3        If the court wants more "plausibility" plead, it can be done.  Plaintiff has

4  pictures of spiked fences and a major newspaper has just done a series of articles

5  on Scientology's leader, David Miscavige.  Four former leaders of the

6  Scientology enterprise, including Marty Rathbun of RTC and Mike Rinder of

7  CSI, are out and confirming what cult observers have known for years.  For

8  example, there are now many witnesses who can testify that the leader of the

9  Scientology enterprise, David Miscavige (the head of RTC), beats people and has

10  them put into pools in the middle of the night.

11        Further, Scientology sent out a spokesman, Tommy Davis, to deny all the

12  claims, call all the former leaders liars, and claim that David Miscavige was too

13  busy running Scientology at Gold Base making videos and such to have the time

14  to beat people.  Among other things, spokesperson Davis admitted that David

15  Miscavige of RTC runs the show and manages corporate Scientology, including

16  Defendant CSI.  It should not be necessary, but if the court wants more

17  "plausibility" on the misconduct of CSI, RTC and their leader, David Miscavige,

18  it is available, can be alleged <u>and can be proven</u>.  The conduct of Mr. Miscavige

19  and Scientology's "dirty tricks" department (known as "OSA") makes "forced

20  labor" allegations very plausible.  The Complaint  only alleges the tip of the

21  iceberg on Defendants propensity towards bizarre and illegal behavior.

22  **XV.    MOTION TO STRIKE SHOULD BE DENIED**

23        This case is before the Court on removal.  The Complaint in question was

24  filed in state court.  The protocol in California State Court calls for "code

25  pleading", not the "notice" pleading of federal court.  The Complaint was drafted

26  in consideration of state procedures and the propensity of litigious defendants to

27  engage in a lengthy demurrer process.  When the first round of demurrers was

28  expected however, the cases (there are now 3 such cases) were removed.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The rules do not require that a state court complaint be replead to conform to federal procedures.  That is largely left to the discretion of the court.  The applicable rule of procedure states as follows:

> "Rule 81(c) Removed Actions, (2) Further Pleading.  After removal, repleading is unnecessary unless the court orders it."

The Court should exercise its discretion to deny the motions to strike in their entirety.

The Complaint and allegations serve a purpose but complaints are not that important in Federal Court.  The Pretrial Conference Order will supercede the Complaint, and what might be stricken now could resurface later in Plaintiff's Contentions of Fact and Law and the PTC Order.

Further, the challenged allegations help tell Plaintiff's story, provide context as to the parties, demonstrate the existence of legal duties breached and show that Plaintiff's claims are in fact "plausible".  The motion to strike is an exercise in busy work and should be denied.

## XVI.  CONCLUSION

Defendants' Rule 12 motions to dismiss motions for a more definite statement and, motions to strike portions of the Complaint should be denied.  Alternatively, Plaintiff must be granted leave to amend to address whatever pleading issue may concern the Court.

July 13, 2009

_____
BARRY VAN SICKLE
Attorney for Plaintiff
CLAIRE HEADLEY

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**