BERT H. DEIXLER, SBN, 70614
bdeixler@proskauer.com
HAROLD M. BRODY, SBN 84927
hbrody@proskauer.com
G. SAMUEL CLEAVER, SBN 245717
scleaver@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone:   (310) 557-2900
Facsimile:   (310) 557-2193

ERIC M. LIEBERMAN (pro hac vice)
elieberman@rbskl.com
RABINOWITZ, BOUDIN, STANDARD,
KRINSKY & LIEBERMAN, P.C.
111 Broadway, 11th Floor
New York, NY 10006-1901
Telephone: (212) 254-1111
Facsimile: (212) 674-4614

Attorneys for Defendant,
CHURCH OF SCIENTOLOGY INTERNATIONAL

MARC MARMARO, SBN 85242
mmarmaro@jmbm.com
AMY LERNER HILL, SBN 216288
akl@jmm.com
JEFFER MANGELS BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh floor
Los Angeles, California  90067-4308
Telephone:  (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Defendant
RELIGIOUS TECHNOLOGY CENTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC HEADLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CHURCH OF SCIENTOLOGY INTERNATIONAL, a corporate entity; and DOES 1 through 20,<br><br>    Defendants. | Case No. CV 09-3986 DSF (MANx)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL INFORMATION**<br><br>NOTE: CHANGES MADE BY THE COURT |

| | | |
|---|---|---|
| 1 | CLAIRE HEADLEY, | Case No. CV09-3987 DSF (MANx) |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | CHURCH OF SCIENTOLOGY INTERNATIONAL; RELIGIOUS TECHNOLOGY CENTER; and DOES 1 through 20, | |
| 5 | | |
| 6 | | |
| 7 | Defendants. | |

The Court having considered defendants Church of Scientology International ("CSI") and Religious Technology Center's ("RTC") Joint Motion for Protective Order Concerning the Production of Confidential Information and the parties' Joint Stipulation Regarding Plaintiffs' Motion to Compel Production of Documents and good cause appearing as set forth in defendants' Motion for Protective Order and defendants' portion of the parties' Joint Stipulation,

IT IS HEREBY ORDERED that the discovery of certain materials as described below shall be made subject to the following conditions:

1. PURPOSES AND LIMITATIONS.

This Protective Order Concerning Production of Confidential Information ("Order") does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. As set forth in Section 10, below, this Order creates no entitlement to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

2. DEFINITIONS.

2.1 Party or Parties: Any party to this action, including all of its staff, officers, directors, employees, consultants, retained experts, and counsel (and their support staff). For the purposes of this Order, Claire Headley and Marc Headley are considered Parties.

2.2 ESI: Electronically stored information, as that term is used and referred to in Fed.R.Civ.P. 26 and 34.

2.3 Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including,

without limitation, documents, ESI, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.4 <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c) or pursuant to rights of privacy recognized by statute, constitution, or by common law.

2.5 <u>"NON-POSSESSORY" Information or Items</u>: Information that is not generally available to the public to possess or copy, including, without limitation, certain Church-related videos, lectures, and other written materials.

2.6 <u>Producing Party</u>:  A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "NON-POSSESSORY."

2.8 <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "NON-POSSESSORY."

2.9 <u>Receiving Party</u>:  A Party that receives Protected Material from a Producing Party.

2.10 <u>Outside Counsel</u>:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11 <u>House Counsel</u>:  Attorneys who are employees of a Party.

2.12 <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel.

2.13 <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14 <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or

demonstrations; organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

3. <u>SCOPE</u>.

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

4. <u>DURATION</u>.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Any Party seeking to challenge the classification of any Protected Material must seek to do so within sixty (60) days after the termination of this litigation. For the purposes of this Order, the termination of this litigation means a dismissal of the action by one of the Plaintiffs or, in the case of a judgment, the date when all appeals have been exhausted, the time to file a notice of appeal has expired, and/or if applicable, the time to petition for a writ of certiorari has elapsed.

5. <u>DESIGNATING PROTECTED MATERIAL</u>.

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise

1  stipulated or ordered, material that qualifies for protection under this Order must be
2  clearly so designated before the material is disclosed or produced.
3        Designation in conformity with this Order requires:
4        (a) <u>for information in documentary form</u> (apart from transcripts of
5  depositions or other pretrial or trial proceedings), that the Producing Party affix the
6  legend "CONFIDENTIAL" or "NON-POSSESSORY" at the top or bottom of each
7  page that contains protected material.  If only a portion or portions of the material
8  on a page qualifies for protection, the Producing Party also must clearly identify
9  the protected portion(s) (e.g., by making appropriate markings in the margins) and
10 must specify, for each portion, the level of protection being asserted
11 ("CONFIDENTIAL" or "NON-POSSESSORY").
12       A Party or non-party that makes original documents or materials
13 available for inspection need not designate them for protection until after the
14 inspecting Party has indicated which material it would like copied and produced.
15 During the inspection and before the designation, all of the material made available
16 for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has
17 identified the documents it wants copied and produced, the Producing Party must
18 determine which documents, or portions thereof, qualify for protection under this
19 Order, then, before producing the specified documents, the Producing Party must
20 affix the appropriate legend ("CONFIDENTIAL" or "NON-POSSESSORY") at
21 the top of each page that contains Protected Material.  If only a portion or portions
22 of the material on a page qualifies for protection, the Producing Party also must
23 clearly identify the protected portion(s) (e.g., by making appropriate markings in
24 the margins) and must specify, for each portion, the level of protection being
25 asserted ("CONFIDENTIAL" or "NON-POSSESSORY").
26       (b) <u>for testimony given in deposition or in other pretrial or trial</u>
27 <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony
28 identify on the record, before the close of the deposition, hearing, or other

4

proceeding, all testimony that is Protected Material, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "NON-POSSESSORY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "NON-POSSESSORY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must labeled as such on the pages containing such information.  If the Producing Party identifies the Protected Material before the court reporter prepares the final transcript, the court reporter must affix to the top of each such page the legend "CONFIDENTIAL" or "NON-POSSESSORY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.  If the Producing Party identifies the Protected Material after the transcript has been prepared, the Parties shall affix on the top of each such page the legend "CONFIDENTIAL" or "NON-POSSESSORY," as instructed by the Producing Party or nonparty offering or sponsoring the witness or presenting the testimony.  In such cases, each Party will be responsible for affixing the proper designation on each of their copies of the transcript containing the Protected Material as well as the original transcript.

(c) <u>for information, including ESI, produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "NON-

POSSESSORY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "NON-POSSESSORY."

    5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "NON-POSSESSORY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "NON-POSSESSORY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

    6.1   <u>Timing of Challenges</u>. In order to prevent unfairness, unnecessary economic burdens, or a disruption or delay of the litigation, a Receiving Party must initiate any challenge a Designating Party's confidentiality designation within thirty (30) days of receipt of the Protected Material that is being challenged.

    6.2   <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

    6.3   <u>Judicial Intervention</u>. If the parties are unable to resolve their dispute during the meet and confer process, and they have completed such process, the

Designating Party may elect to pursue a Protective Order regarding the disputed material pursuant to Local Civil Rule 7 (and in compliance with Local Civil Rule 79-5, if applicable).  The Designating Party seeking to protect the disputed material must serve its portion of the Joint Stipulation pursuant to Local Civil Rule 7 within twenty (20) days after a Party notifies the other Parties that the meet and confer process is complete.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL.

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Any Receiving Party in receipt of Protected Material must make whatever efforts are necessary to prevent such Protected Material from being disseminated to third parties who are not subject to this Order, including preventing the dissemination of Protected Material over the Internet or in other public forums.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Parties and the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) Any mediator or settlement officer, whom the parties have elected or consented to participate in this case;

(g) during their depositions, witnesses who are affiliated with the Producing Party to whom disclosure is reasonably necessary (without requiring such persons to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A));

(h) during their depositions, witnesses who are not affiliated with the Producing Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) the author of the document or the original source of the information; and

(j) as required by law or court order upon notice to the Designating Party sufficiently in advance of such disclosure to permit it to seek a protective order.

7.3 <u>Disclosure of "NON-POSSESSORY" Information or Items</u>. Disclosure or Discovery Materials that have been designated as "NON-POSSESSORY" may be reviewed and accessible only by the individuals identified in Section 7.2, above. The Producing Party shall produce one copy of any material designated as "NON-POSSESSORY." Such materials may not be duplicated or disseminated by a Receiving Party. Upon request, the Producing Party shall provide an additional copy of any material designated as "NON-POSSESSORY" for the purpose of giving the copy to one or more retained experts if reasonably necessary for the experts' work in this litigation. In the event of such request, if the Receiving Party has not yet made its expert disclosures, the Receiving Party shall make a representation to the Producing Party that the expert receiving the Protected Material has executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Once the Receiving Party has made its expert disclosures, it shall provide the Producing Party a copy of the expert's executed "Acknowledgment and Agreement to Be Bound" (Exhibit A).

Any Disclosure or Discovery Materials designated as "NON-POSSESSORY" must remain at all times at the offices or in the control of Counsel for the Receiving Party, including for purposes of review by persons authorized by this Order. In the event that a Receiving Party's retained expert receives NON-POSSESSORY materials (in accordance with the procedure set forth above), such information must remain at all times at the offices or in the control of the expert receiving such information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "NON-POSSESSORY," the Receiving Party must so notify the Designating Party, in writing (by fax or e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>FILING PROTECTED MATERIAL</u>.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5 and shall give the Producing Party sufficient notice to allow the Producing Party an opportunity to participate in the application process.

The parties are expressly cautioned that the designation of any information, document or thing as CONFIDENTIAL or NON-POSSESSORY does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the partes' designation of any information, document, or thing as CONFIDENTIAL or NON-POSSESSORY is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as CONFIDENTIAL or NON-POSSESSORY does not – without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectible - constitute good cause. Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each type of information, document, or thing

11

sought to be filed under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, **competent evidence** supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

11. <u>CONTINUING JURISDICTION</u>.

This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof, including any post-litigation obligations or conduct. As stated in Sections 4 and 12 herein, any post-litigation challenges to the classification of information designated as Protected Material must be made within sixty (60) days after the termination of this litigation as defined in Section 4 herein.

12. <u>FINAL DISPOSITION</u>.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.  In the event that there is a pending motion to declassify information designated as Protected Material more than sixty (60) days after the termination of this litigation, the Receiving Party may defer its compliance with this Section with respect to the material that is the subject of such motion until sixty (60) days after a decision on such motion has been made and the date when all appeals have been exhausted, the time to file a notice of appeal has expired, and/or if applicable, the time to petition for a writ of certiorari has elapsed.

13. <u>MISCELLANEOUS</u>.

    13.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

1     13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO ORDERED

DATED: July 30, 2010

*Margaret A. Nagle*

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

14

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____, of _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order (the "Order") that was issued by the United States District Court for the Central District of California on _____, 2010 in the case of *Headley v. Church of Scientology, et al.*, United States District Court, Central District of California Case No. CV09-3987 DSF (MANx).  I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ [address and telephone] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.


Date: _____

City and State where sworn and signed:
_____

Printed name: _____

Signature: _____

15